# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA FORESTKEEPER, and<br>EARTH ISLAND INSTITUTE,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALFRED WATSON, in his official<br>capacity as the District Ranger for the<br>Kern River Ranger District of the Sequoia<br>National Forest, et al.,<br><br>        Defendants,<br><br>  and<br><br>SIERRA FOREST PRODUCTS,<br>a California Corporation,<br><br>        Defendant-Intervenor. | 1:16-CV-1865 AWI JLT<br><br>**ORDER ON SIERRA FOREST<br>PRODUCTS' MOTION TO INTERVENE**<br><br>(Doc. No. 20) |

    This is a National Environmental Policy Act case filed on December 12, 2016 by Sequoia ForestKeeper and Earth Island Institute ("Plaintiffs") against the United States Forest Service and various Forest Service employees ("Defendants") in their official capacities. The case involves logging activities in the Sequoia National Forest, and the potential impact of those activities on the Pacific fisher, the California spotted owl, and the northern goshawk, which have all been classified as a "sensitive species." The logging projects at issue are the Joey Healthy Forest and Fuels Reduction Project ("Joey Project") and the Bald Mountain Project ("Bald Mountain").

On August 29, 2017, Sierra Forest Products ("SF Products") filed a motion to intervene in this matter as a defendant. SF Products is a California corporation that has been contracted to perform the logging activities at issue. This case is related to Sequoia ForestKeeper v. LaPrice, Case No. 1:16-CV-00759-AWI-JLT[1], in which the Court permitted SF Products to intervene. In its motion to intervene, SF Products states that its contractual rights, its harvest use of the forest, and its economic interest in the timber supply all constitute significantly protectable interests under Federal Rule of Civil Procedure 24. However, SF Products contends that its narrower contractual, use, and economic interests are not adequately represented by the Forest Service in this case. Therefore, SF Products contends that it is entitled to intervene under Rule 24. Moreover, SF Products represents that it has conferred with the parties and Plaintiffs and Defendants have taken no position on intervention by SF Products.

## **LEGAL STANDARD**

Rule 24(a)(2) requires a court to permit intervention of right by one who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); Wilderness Soc'y v. United States Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (*en banc*).[2] Thus, there is a four-part test that applies to Rule 24(a)(2) motions: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." Wilderness Soc'y, 630 F.3d at 1177; see also Smith v. Los Angeles Unified Sch. Dist.,

---

[1] This case is now closed.

[2] The Court notes that it has discretion to grant permissive intervention under Rule 24(b) to anyone who upon timely motion has a claim or defense that shares with the main action a common question of law or fact. However, because the Court concludes below that SF Products has met the burden of establishing its ability to intervene by right, the Court will not address permissive intervention.

2

830 F.3d 843, 853 (9th Cir. 2016) (same). "Though the applicant bears the burden of establishing these elements, [the Ninth Circuit has] repeatedly instructed that 'the requirements for intervention are [to be] broadly interpreted in favor of intervention.'" Smith, 830 F.3d at 853 (citation omitted).

**DISCUSSION**

Here, SF Products has shown that intervention by right under Rule 24(a) is appropriate.

*1.    Timeliness*

First, the motion is timely. The "traditional features" of a timely motion to intervene are: "[t]he motion to intervene was made at an early stage of the proceedings, the parties would not [suffer] prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011) While in *Citizens* the motion to intervene was filed less than 3 months after the complaint was filed, and here the motion to intervene was filed approximately 8 months after the complaint was filed, this case is still in the early stages.

Here, no substantive proceedings have occurred and the case management conference has not been scheduled. A scheduling conference was held on May 5, 2017, where the parties acknowledged that the Forest Service was in the process of reassessing the Joey, Bald Mountain, and Summit projects in light of new information and circumstances. Doc. No. 17. In the June 7, 2017 Status Report, the Forest Service represented that determinations on whether supplemental NEPA review for the Joey and Bald Mountain Projects is required will not likely occur until spring 2018 and that no logging operations would occur in 2017. Id. With respect to the Summit Project, the Forest Service anticipated that a revised Decision Memorandum would occur no later than July 15, 2017. Id. The Court subsequently ordered that Defendants issue a revised Decision Memorandum for the Summit Project no later than July 15, 2017. Doc. No. 18. On July 10, 2017, the Forest Service lodged the administrative record for the revised Decision Memorandum for Summit. Doc. No. 19. However, to date, the Forest Service has not made any determinations with respect to the Joey or Bald Mountain Projects.

Based on the circumstances outlined above, including the fact that the parties have not alleged any prejudice, the Court finds that SF Products' motion to intervene is timely.

### 2. *Significantly Protectable Interest*

SF Products alleges three protectable economic and property interests: "(1) timber sale contract and stewardship contract to implement the projects that are the subject of the litigation; (2) maintaining its timber supply to keep its Terra Bella sawmill operational; and (3) non-economic interests relating to the project area and procedural interests relating to project development." Motion at 13. At a minimum, SF Products' existing timber contracts are "significantly protectable" in relation to this litigation, and satisfy this requirement. See Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. 1994) (reversing a district court's denial of intervention to timber purchaser associations that had "legally protectable property interest in existing timber contracts"); Ctr. For Biological Diversity v. Gould, 2015 WL 6951295, at *2 (E.D. Cal. Nov. 10, 2015) (granting motion to intervene and finding that "Sierra Forest Products has contract rights that may be impacted by the resolution of this litigation. Sierra Forest Products is depending on the timber from the government contract . . . .").

### 3. *Effect of Disposition of this Action*

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 822 (9th Cir. 2001) (citation omitted). The third prong often follows as a matter of course if the second prong is met. See, e.g., California ex rel. Lockyer v. United States, 450 F.3d 436, 442 (9th Cir. 2006) ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it."). Here, Plaintiffs seeks to halt or restrict logging activities in the relevant areas of Sequoia National Park. See Doc. No. 1. Such relief would either entirely prevent or restrict SF Products from harvesting timber and acting fully on its contracts. Therefore, SF Products' protectable interest in the timber contracts would be impaired.

### *4. Whether SF Products' Interests are Adequately Represented*

SF Products has met its "minimal burden" by showing that Defendants' representation of SF Products' protectable interest may be inadequate. See Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1498 (9th Cir. 1995).[3] Defendants' interest is more focused on "broad public interest" and on complying with applicable laws; Defendants are not primarily focused on the economic interests of SF Products in relation to the contracts at issue. See id. at 1499.

Finally, although not an enumerated consideration by the Ninth Circuit, the Court finds it significant that none of the existing parties have filed an opposition, and Plaintiffs and Defendants have not refuted SF Products' representation that they have no opposition to this motion. Given these considerations, the Court will grant SF Products' motion to intervene.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. SF Products' Motion to Intervene under Rule 24(a) (Doc. No. 20) is GRANTED; and
2. The Clerk shall add Sierra Forest Products as a defendant to the docket of this case.

IT IS SO ORDERED.

Dated: September 27, 2017

SENIOR DISTRICT JUDGE

---

[3] Abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173 (9th Cir. 2011).